# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL MARTINEZ, | ) | |
| | ) | |
| Plaintiff, | ) | No. 14 C 369 |
| | ) | |
| v. | ) | Judge Dow |
| | ) | |
| CITY OF CHICAGO, et al., | ) | Magistrate Judge Cole |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

### A.

The plaintiff seeks to take the deposition of Assistant States Attorney Lauren Freeman. The avowed purpose is to gather evidence to show that Chicago Police Officer Allyson Begadylok, who has denied being part of the arrest of the plaintiff in this case, is unworthy of belief, should she be called as a witness at trial.[1] Apparently Ms. Begadylok, while denying that she had any role to play in the arrest of the plaintiff, has conceded that she was on the scene at some point as events unfolded. The plaintiff's theory is that Ms. Begadylok is a liar, and that Ms. Freeman can confirm her mendacity through a statement given to her by Ms. Begadylok in which she admitted to having perjured herself in connection with another matter. The plaintiff's lawyer also speculated that Ms. Freeman might have information obtained through her job that might involve other unrelated instances of deceit and untruthfulness by Ms. Begadylok. This, says the plaintiff's lawyer, would give Ms. Freeman an additional basis to testify regarding Ms. Begadylok's character for

---

[1] This is the spelling used in the motion, and we presume the States Attorney has greater familiarity with the proper spelling than the plaintiff has. Thus, we use the spelling in the Motion to Quash.

untruthfulness.[2]

The defendants rather vigorously maintain that the real purpose of the deposition of Ms. Freeman is not to obtain evidence that Mr. Begadylok is unworthy of belief, but to gain evidence to enable the plaintiff to bring another case, which would involve some labyrinthine conspiracy between agencies of government and the police directed to the plaintiff. While it is not clear exactly who the *dramatis personae* of the conspiracy are, it is certain that nothing of the sort is involved in the parties' claims or defenses, and discovery is confined to those claims or defenses. Rule 26(b), Federal Rules of Civil Procedure.

Under the plaintiff's theory, Ms. Freeman either would be able to give her "opinion" about Ms. Begadylok's character for untruthfulness or to testify about her "reputation" in the relevant community for untruthfulness at the time of her testimony – and for purposes of this case, that is the time that counts. *United States v. Whitmore,* 359 F.3d 609, 617 (D.C. Cir. 2004); *Cooper v. Asplundh Tree Expert Co.,* 836 F.2d 1544, 1552 (10th Cir. 1988). *See* Rules 405(a) and 608(a) Federal Rules of Evidence. The latter argument seems clearly wrong. Ms. Freeman's awareness of admitted perjury or of information relating to other specific acts of wrongdoing by Ms. Begadylok that might bear on her truthfulness would not make Ms. Freeman competent to testify about her "reputation" for honesty. Reputation is what other people are saying about the relevant character trait of the person involved, *Michaelson v. United States*, 335 U.S. 469 (1948); *United States v. Pacione,* 950 F.2d 1348, 1354 (7th Cir.1991), and knowledge of admitted perjury plainly has nothing to do

---

[2] The defendants disavow any intent to call Ms. Begadylok as a witness. The plaintiff has suggested that perhaps he will call her in his case, and then presumably attempt to impeach her when she denies having any knowledge of the circumstances of the arrest. In reality, it's quire clear that the sole purpose of calling Ms. Begadylok will be to impeach her. Given the disposition of the other issues in the case, we need not decide whether that tactic would be permissible. Moreover, that is a matter for the trial judge.

with "reputation."³

The former basis for admissibility is equally flawed. Opinion testimony about the truthfulness or untruthfulness of a witness may be excluded if it amounts to no more than a "conclusory observation" or is not "'more than bare assertions.'" *United States. v. Turning Bear,* 357 F.3d 730, 734 (8th Cir.2004). An adequate foundation for opinion testimony concerning another witness's character for untruthfulness requires a demonstration that the opinion witness knows the relevant witness well enough to have formed an opinion. *Id.* There is no claim that Ms. Freeman has that familiarity with Ms. Ms. Begadylok, nor under the circumstances of this case could there be. *Cf., Farooqui v. Cook County*, 234 F.3d 1273 (7th Cir.2000)(Fed.R.Evid. 701 allows opinion testimony by lay witnesses "if the testimony is based on the witness's first-hand knowledge, is helpful to the jury, and is not a meaningless assertion which amounts to little more than choosing sides.").

**B**.

Ms. Freeman is entitled to the solicitude accorded non-parties under Rule 45. Rule 45(d)(3)(A)(iv) mandates that a court "shall quash or modify" a subpoena if it "subjects a person to undue burden." The Advisory Committee's Notes to the 1991 amendments to Rule 45 make clear that the amendments have "enlarge[d] the protections afforded persons who are required to assist the court by giving information or evidence." The Rule "requires the court to protect all persons from undue burden imposed by the use of the subpoena power." *Id.* This is not the sort of discretionary under which a court may make any order which justice requires to protect a party or person from ... undue burden. It is a "command[ ]." *Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd.,* 333 F.3d 38, 41 (1st Cir. 2003).

---

³Especially in this case, where the claimed perjury is not known to the public.

In addition to Rule 45, there is Rule 26(c), Federal Rules of Civil Procedure, which empowers a district court in its vast discretion in controlling discovery, *Patterson v. Avery Dennison Corp*. 281 F.3d 676, 681 (7th Cir.2002), to issue an order to protect a party "or person" from annoyance, embarrassment, oppression or undue burden or expense. And finally, Rule 26(b)(2)(C) requires a court to limit the extent of discovery if the burden or expense of the proposed discovery outweighs its likely benefit to the case. These rules, whether considered separately or in tandem, authorize me, in the circumstances of this case, to quash the subpoena to Ms. Freeman.

Plaintiff's counsel has represented that he has been given in discovery the statement Ms. Begadylok gave to Ms. Freeman in which she supposedly admitted that she committed perjury in connection with a particular event unrelated to this case.[4] The defendants have stipulated on the record during oral argument that the statement in plaintiff's counsel's possession is authentic, and that there will be no contention made at trial pursuant to Rule 901 that it is not. Counsel have also represented that there will be no hearsay objection raised, and no claim will be made that the statement does not accurately record what Ms. Begadylok said.[5] These are binding concessions, *Tamari v. Bache & Co. (Lebanon) S.A.L.*, 729 F.2d 469, 472 (7th Cir. 1984); *Charter House Insurance Brokers, Ltd. v. New Hampshire Insurance Co.,* 667 F.2d 600, 604 (7th Cir.1981); *Murata Mfg. Co., Ltd. v. Bel Fuse, Inc*. 234 F.R.D. 175, 185 (N.D.Ill. 2006). And, having persuaded me to act in a way that was favorable to them, the defendants will be judicially stopped should they attempt

---

[4] While it is difficult to imagine a circumstance having a greater bearing on credibility than an admission by a witness that she prior committed perjury, the witness's testimony is not rendered *per se* incredible. *United States v. Oros,* 578 F.3d 703, 711 (7th Cir.2009).

[5] Of course, the defendants will be free at trial to raise an objection to the evidence under Rules 401 or 403, and those objections will exist whether or not Ms. Freeman is deposed.

4

to take a different position at a later stage in this case. *In re Airadigm Communications, Inc.*, 616 F.3d 642, 661-662 (7th Cir.2010). *See generally, Zedner v. United States*, 547 U.S. 489 (2006); *New Hampshire v. Maine,* 532 U.S. 742, 749 (2001).

These concessions plainly make unnecessary any testimony by Ms. Freeman regarding the statements by Ms. Begadylok. And, even if Ms. Begadylok were called by the plaintiff and denied that she told Ms. Freeman she had committed perjury – the unlikely possibility posed by the plaintiff's counsel at oral argument – Ms. Freeman still would not be permitted to testify, since Rule 608(b) prohibits introduction of extrinsic evidence in the face of a denial by the witness. *United States v. Dawson*, 434 F.3d 956, 958 (7th Cir. 2006).[6] Under these circumstances, the strained justifications the plaintiff has offered in support of his request to depose Ms. Freeman are unpersuasive. To require a non-party to sit for a deposition certain, to produce unusable or unnecessary information is to impose an undue burden forbidden by Rules 26 and 45.

**ENTERED:** _____
**UNITED STATES MAGISTRATE JUDGE**

**DATE:** 11/3/14

---

[6] Since the defendants have acknowledged the authenticity of Ms. Begadylok's statement, there would be no need to call Ms. Freeman to authenticate the statement or to testify to what she was told.